FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 18 2025

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**VITAL FARMS, INC.** **PLAINTIFF**

**v.** **Case No.** 3:25-cv-00079-KGB

**AMERICAN FARMER EGG COMPANY, LLC** **DEFENDANT**

## COMPLAINT

Plaintiff Vital Farms, Inc. ("Vital Farms"), for its causes of action against Defendant American Farmer Egg Company, LLC ("AFEC"), states and alleges as follows:

### Introduction

1. Vital Farms brings this action against AFEC to recover damages incurred as a result of AFEC's intentional interference with Vital Farm's contracts for the purchase of pasture raised chicken eggs, and its accompanying business relationships with the farmers. As a result of AFEC's past and ongoing intentional act of acquiring chicken eggs that Vital Farms is entitled to purchase, Vital Farms has suffered damages and continues to do so.

2. Through this action, Vital Farms seeks: (1) damages caused by AFEC's tortious interference with Vital Farms' contractual relationships and business expectancies; (2) damages caused by AFEC's unjust enrichment; and (3) injunctive relief enjoining AFEC from continuing to acquire the eggs that Vital Farms is contractually entitled to purchase.

### The Parties

3. Vital Farms is a Delaware corporation with its principal place of business located in Austin, Texas.

This case assigned to District Judge Baker
and to Magistrate Judge Kearney

4. AFEC is an Arkansas limited liability company with its principal place of business located in Pocahontas, Randolph County, Arkansas.

5. Upon information and belief, AFEC is a citizen of the State of Arkansas because each of its members are citizens of the State of Arkansas, and AFEC is not a citizen of the State of Delaware or the State of Texas because none of its members are citizens of the State of Delaware or the State of Texas.

**Jurisdiction and Venue**

6. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in the Eastern District of Arkansas, Northern Division, pursuant to 28 U.S.C. § 1391, because AFEC is a resident of Randolph County, Arkansas, and is subject to the personal jurisdiction of this Court.

**Pasture Egg Producer Agreements**

8. Vital Farms is a nationwide wholesaler of, *inter alia*, pasture raised chicken eggs.

9. In connection with its business operations, Vital Farms contracts with farmers across the United States to purchase eggs produced by the farmers, pursuant to standards governing pasture raised chicken eggs.

10. Ben Samons, individually and on behalf of Samons Farm (collectively, "Samons"), entered into a Pastured Egg Producer Agreement with Vital Farms on or about July 12, 2022 (the "Samons Agreement"). A true and accurate copy of the Samons Agreement is attached hereto as Exhibit 1.

11. Sissy Gray and Joshua Gray, individually and on behalf of Joshua 2415 Farms, LLC (collectively "Gray"), entered into a Pastured Egg Producer Agreement with Vital Farms on or

about March 7, 2022, (the "Gray Agreement"). A true and accurate copy of the Gray Agreement is attached hereto as Exhibit 2.

12. The Samons Agreement and the Gray Agreement (collectively the "Agreements") respectively provide that Samons and Gray "pledge[] all of [their] Pasture Raised egg production" to Vital Farms, "for a period covering 3 flocks or 3 years, whichever is longer." *See* Exhibit 1, §§ I, IV.

13. On January 11, 2024, AFEC was registered with the Arkansas Secretary of State and, in its accompanying filings, Sissy Gray was identified as the Incorporator/Organizer and a Manager, and Ben Samons was identified as a Manager.

14. On or about March 11, 2025, Samons sent notice to Vital Farms stating that it sought to terminate the Samons Agreement, and would cease performance of the Samons Agreement.

15. On or about March 11, 2025, Gray sent notice to Vital Farms stating that it sought to terminate the Gray Agreement, and would cease performance of the Gray Agreement.

16. Upon information and belief, AFEC was formed, and ultimately used by its ownership for the affirmative purpose of misappropriating eggs to which Vital was contractually entitled pursuant to the Agreements.

17. Upon information and belief, AFEC has intentionally interfered with and/or intends to interfere in the future with, other egg farmers with whom Vital Farms has ongoing contractual and/or business relationships with.

18. As a result of AFEC's continued interference with the Samons Agreement, the Gray Agreement, and, upon information and belief, other agreements entered into by and between Vital Farms and other Arkansas farmers (collectively the "Farmers"), Vital Farms has been damaged.

19. AFEC's conduct in interfering with Vital Farms' contracts and business expectancies was done intentionally, willfully, and with malicious intent.

**Count I – Tortious Interference With Contract**

20. Vital Farms realleges and incorporates herein by reference the allegations contained in Paragraphs 1-19 above.

21. A valid contract or business expectancy existed between Vital Farms and the Farmers who contracted to sell their pasture raised eggs to Vital Farms including, but not limited to, Samons and Gray.

22. AFEC had knowledge of the relationship or expectancy between Vital Farms and the Farmers, evidenced by, *inter alia*, Ben Samons and Sissy Gray serving as AFEC's managers while parties to the Agreements with Vital Farms.

23. AFEC intentionally interfered with Vital Farms' business relationships with the Farmers, by inducing or causing a breach or termination of the relationship or expectancy between Vital Farms and the Farmers.

24. AFEC's conduct was improper because of, but not limited to, the following reasons:

a. The nature of AFEC's conduct was to knowingly obtain financial benefit from the from inducing Farmers to divert some or all of their egg production to AFEC, and away from Vital Farms; and

b. AFEC's motive in acquiring the eggs to which Vital Farms was entitled was, in part, to subvert the Samons Agreement and Gray Agreement to the detriment of Vital Farms.

25. Vital Farms suffered damages as a result of its relationship or expectancy with the Farmers being disrupted.

WHEREFORE, Plaintiff Vital Farms, Inc. prays for judgment in its favor and against Defendant American Farmer Egg Company, LLC in an amount to be proven at trial in excess of $100,000.00, for an award consequential damages including but not limited to lost profits that Vital Farms would have realized under the Agreements but-for AFEC's unlawful interference, for an award of punitive damages, for its costs and attorney fees incurred herein, and for such other and further relief as the Court deems just and proper.

**<u>Count II – Unjust Enrichment</u>**

26. Vital Farms realleges and incorporates herein by reference the allegations in Paragraphs 1-25 above.

27. AFEC received and/or obtained a benefit from Vital Farms by diverting the eggs to which Vital Farms was contractually entitled.

28. AFEC has knowledge that Vital Farms conferred a benefit upon them.

29. AFEC accepted and retained such benefit, to the detriment of Vital Farms.

30. Vital Farms has suffered a loss in excess of $100,000.00 due to AFEC's continued diverting and/or misappropriating eggs to which Vital Farms is contractually entitled.

31. Under the circumstances set forth herein, it would be inequitable for AFEC to retain the benefit conferred upon it without adequately compensating Vital Farms.

WHEREFORE, Plaintiff Vital Farms, Inc. prays for judgment in its favor and against Defendant American Farmer Egg Company, LLC in an amount to be proven at trial in excess of $100,000.00, for an award consequential damages including but not limited to lost profits that Vital Farms would have realized under the Agreements, for an award of punitive damages, for its costs and attorney fees incurred herein, and for such other and further relief as the Court deems just and proper.

**Count III – Application for Permanent Injunction**

32. Vital Farms realleges and incorporates herein by reference the allegations in Paragraphs 1-31 above.

33. For the reasons stated above, Vital Farms is likely to succeed on the merits of its claims against AFEC.

34. Once Vital Farms proves actual success on the merits of its claims, a permanent injunction against AFEC will be necessary to enjoin it from purchasing pasture raised chicken eggs from any Farmer with whom Vital Farms has any ongoing business relationship.

WHEREFORE, pursuant to Fed. R. Civ. P. 65, Plaintiff Vital Farms, Inc. prays for the Court to issue a Permanent Injunction providing that: American Farmer Egg Company is prohibited from entering into any business relations and/or dealings for the purpose of purchasing pasture raised chicken eggs with any Farmer with whom Vital Farms has any ongoing business relationship, and for such other and further relief as the Court deems just and proper.

Dated: April 16, 2025

***Respectfully Submitted,***

Jason C. Smith, AR 2006103
Alec M. Martinez AR 2021239
W. Doug Reynolds AR 2025025
**SPENCER FANE LLP**
2144 E. Republic Rd., Ste. B300
Springfield, MO 65804
Phone: (417) 888-1000
Fax: (417) 881-8135
jcsmith@spencerfane.com
ammartinez@spencerfane.com
dreynolds@spencerfane.com
***Attorneys for Plaintiff Vital Farms, Inc.***