IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**VITAL FARMS, INC.**                                                                                  **PLAINTIFF**

v.                                          Case No. 3:25-cv-00079-KGB

**AMERICAN FARMER**
**EGG COMPANY, LLC**                                                                **DEFENDANT**

## ORDER

Before the Court are defendant American Farmer Egg Company, LLC's ("AFEC") motion to stay (Dkt. No. 9), AFEC's motion to stay discovery (Dkt. No. 15), plaintiff Vital Farms, Inc.'s ("Vital Farms") motion to compel discovery (Dkt. No. 21), and Vital Farms's motion to expedite hearing on plaintiff's motion to compel and additional pending motions (Dkt. No. 24).

### I.     Background

Vital Farms filed this suit against AFEC alleging tortious interference with a contract and unjust enrichment (Dkt. No. 1). Specifically, Vital Farms asserts that Joshua Gray, Sissy Gray, and Joshua 2415 Farms, LLC (collectively, "Gray") and Ben Samons and Samons Farm (collectively, "Samons") terminated their respective agreements with Vital Farms ("Contracts") and then misappropriated eggs—to which Vital Farms was contractually entitled—by providing those eggs to AFEC (*Id.*, ¶¶ 12–16). According to Vital Farms's complaint, Sissy Gray was identified as the incorporator/organizer and manager of AFEC, and Ben Samons was identified as a manager of AFEC (*Id.*, ¶ 13). Vital Farms further alleges that AFEC also tortiously interfered with Vital Farms's other contracts and continues to do so (*Id.*, ¶ 18). Vital Farms seeks damages and a permanent injunction enjoining AFEC from purchasing eggs from any farmer with whom Vital Farms has an ongoing business relationship (*Id.*, at 5–6).

AFEC requests a stay of discovery in this case because, AFEC argues, the merits of this case significantly overlap with the merits of two separate arbitration proceedings (collectively "Arbitration") which were initiated by Vital Farms and are currently pending (Dkt. No. 9, at 5).

Vital Farms, however, maintains that AFEC is not a party to the Arbitration and that AFEC's motion to stay is based on "an incorrectly narrow description of the present proceedings and the relief sought." (Dkt. No. 13, at 4). Specifically, Vital Farms argues that in this action—unlike the Arbitration—Vital Farms alleges interference with third parties not subject to the Arbitration and alleges conduct that occurred before Gray and Samons terminated their contract (*Id.*, at 2).

Vital Farms asserts that while AFEC's motions to stay have been pending with the Court, it served its first set of interrogatories to AFEC and first requests for production to AFEC on or about October 10, 2025, and served its second requests for production to AFEC on November 5, 2025 (Dkt. No. 22, at 1). Vital Farms represents that AFEC has "objected to each and every interrogatory and request for production" on the basis of the pending motion to stay (*Id.*, at 2). Attached to Vital Farms's brief in support of plaintiff's motion to compel discovery are AFEC's responses to Vital Farms's discovery requests (*Id.*, at 7–61). In those responses, AFEC objects to the discovery requests based on its pending motions to stay (*Id.*). Vital Farms asks the Court to compel AFEC to respond fully to pending discovery requests (Dkt. No. 21).

In response to Vital Farms's motion to compel discovery, AFEC argues that its objections were appropriate because "discovery is premature and a stay is warranted" (Dkt. No. 23, at 2).

II.     **Legal Framework**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

2

and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936)).  The Court "has broad discretion to stay proceedings when doing so is appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006).  To evaluate a discretionary stay pending arbitration, courts weigh three factors: "(1) the risk of inconsistent rulings; (2) the extent to which the parties will be bound by the arbiters' decision; and (3) the prejudice that may result from delays." *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 845 (8th Cir. 2012) (citing *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 783 (8th Cir. 2001)); *see also Graybar Elec. Co. v. Weyerhaeuser Co.*, 376 F. Supp. 3d 939, 948 (W.D. Ark. 2019).

Pursuant to Rule 21 of the Federal Rules of Civil Procedure:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 21(b)(1).

A party may move to compel a discovery response if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;
(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
(iii) a party fails to answer an interrogatory submitted under Rule 33; or
(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3).

### III.   Analysis

#### A.   Discretionary Stay

The Court declines to grant a discretionary stay of the proceedings or discovery (Dkt. No. 9; 15).  While the Court acknowledges that there is overlap between the factual allegations in the

Arbitration and this matter, such overlap does not warrant a discretionary stay here. First, although a determination in the Arbitration that Gray and Samons lawfully terminated their contracts with Vital Farms may bear on Vital Farms's tortious interference claims in this case, such a determination would have no bearing on any other relationship that AFEC tortiously interfered with, as Vital Farms alleges occurred. Second, AFEC is not a party to the Arbitration, will not be bound by the arbiter's decision, and is not contractually bound by any agreement between Gray, Samons, and Vital Farms. Third, a stay may result in prejudice to Vital Farms, given that Vital Farms alleges that AFEC intentionally interfered with or intends to interfere with other egg farms and has requested injunctive relief to bar such actions (Dkt. No. 1, ¶¶ 17–19, 34).

In sum, after weighing the risk of inconsistent rulings, the extent to which the parties will be bound by the arbiter's decision, and the prejudice that may result from delays, the Court declines to grant a discretionary stay in this case.

### B. Motion To Compel

In each of AFEC's responses, AFEC objects to Vital Farms's discovery requests on the basis of the pending motions to stay. In its motion to compel discovery, Vital Farms requests that the Court "(1) overrule[] Defendant American Farmer Egg Company, LLC's Objections to the Written Discovery on the grounds that discovery should be stayed, and (2) for such other and further relief as the Court deems just and proper" (Dkt. No. 21, at 2).

Given this Court's ruling denying the motions to stay as discussed above, the Court grants Vital Farms's motion to compel, overruling AFEC's objections to Vital Farms's discovery requests on the grounds that discovery should be stayed (*Id.*) Having granted Vital Farm's motion to compel, the Court denies as moot Vital Farms's motion to expedite hearing on plaintiff's motion to compel and additional pending motions (Dkt. No. 24).

Given the status of discovery in this case and the approaching scheduling Order deadlines, the Court extends, on its own motion, all unexpired pre-trial deadlines and the trial date in this matter.  The Court will issue an amended scheduling Order by separate Order.

**IV.     Conclusion**

For the foregoing reasons, the Court:

(1)     denies AFEC's motion to stay (Dkt. No. 9);

(2)     denies AFEC's motion to stay discovery (Dkt. No. 15);

(3)     grants Vital Farms's motion to compel discovery (Dkt. No. 21);

(4)     denies as moot Vital Farms's motion to expedite hearing on plaintiff's motion to compel and additional pending motions (Dkt. No. 24); and

(5)     extends, on its own motion, all unexpired pre-trial deadlines and the trial date in this matter.

It is so ordered this 30th day of January, 2026.

Kristine G. Baker
Chief United States District Judge